UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION,* MDL No. 2741<br><br>Pending in Northern District of California | )<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

**F.R.C.P. 45 (f) Request to Transfer:** This Motion to Compel relates to a Subpoena issued from a member case contained within MDL 2741: *In Re Roundup Products Liability Litigation*, such MDL 2741 is situated in the Northern District of California before the Honorable Judge Vince Chhabria. Although Dr. Collins will not consent to the transfer of this motion to the MDL, Plaintiffs ask that this subpoena-related motion be transferred to MDL 2741 pursuant to Fed. R. Civ. P. 45(f) because exceptional circumstances warrant such transfer. Here, exceptional circumstances exist to transfer this subpoena-related motion to the MDL because the MDL Court is most familiar with this litigation; the MDL discovery schedule is delicate and nearing completion; and the primary defenses for refusal to produce asserted by Dr. Collins requires a comprehensive understanding of the underlying litigation. It would be the best use of judicial resources for this motion to be transferred to the MDL Court.

**MOTION TO COMPEL AGREED UPON PRODUCTION – DR. JANET COLLINS**

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

This is an atypical Motion to Compel. The Parties to this motion are not arguing on the scope of the request and we are not arguing on the subject matter of the production. Rather, Plaintiffs are moving to enforce a production that third party Dr. Janet Collins has already agreed she "will produce."

On November 17, 2016—over 6 months ago—Plaintiffs properly served a third party subpoena on former Monsanto employee and current CropLife America employee, Dr. Janet Collins. Upon receiving Dr. Collins' blanket objections, Plaintiffs' counsel met and conferred

1

with Dr. Collins' counsel, Latham & Watkins attorney Matthew Thurlow, Esq., and served an amended request to the subpoena that included 7 narrowly tailored requests. On February 13, 2017, Dr. Collins served her second discovery responses and agreed that she will produce documents responsive to 6 of the 7 requested categories. *See* **Exhibit 1**, "Dr. Janet E. Collins' Responses and Objections to Plaintiff's Third Party Notice of Subpoena *Duces Tecum*." Despite the agreement, Dr. Collins has not yet produced a single document.

On May 17, 2017, during a meet and confer, Mr. Thurlow refused the agreed upon production by claiming, in part, that Federal Rule of Civil Procedure 45 does not require production absent a Motion to Compel (notwithstanding the fact that Dr. Collins' had already agreed to production on February 13, 2017) and that Plaintiffs have now waited too long to file the Motion to Compel because Mr. Thurlow believed that the "MDL discovery has now closed.[1]"

Plaintiffs hereby move to compel the production of documents that Dr. Collins agreed to produce, including a privilege log of withheld documents pursuant to the federal rules and local law, because Dr. Collins has improperly refused to produce documents after she represented in her response to the subpoena that she would produce – a representation Plaintiffs relied upon. *See* **Exhibit 1**. *See, e.g., St. Jude Medical S.C., Inc. v. Janssen-Counotte and Biotronik, Inc., Third-Party Subpoena Recipient*, 305 F.R.D. 630, 641 (D. Or. 2015) (granting, in part, plaintiff's motion to compel third-party's compliance with subpoena issued pursuant to Fed. R. Civ. P. 45). The subpoena required production to occur at Andrus Wagstaff's Colorado office. Throughout the meet and confer process, undersigned counsel never understood that location to be an

---

[1] Discovery is not closed. Even so, despite curiosity as to why a non-party would care whether discovery was closed or not, the Court does not need to consider that defense. Next Monday, the Plaintiffs and Monsanto intend to file competing proposals to the MDL Court on how to reconcile the PTO 23 Production within the existing schedule. Plaintiffs are going to submit a schedule that hardly changes the current schedule and that maintains the October 10, 2017 *Daubert* hearing. Upon best belief, Monsanto will submit a proposal extending the deadlines toward a December 5 *Daubert* hearing. The production requested herein will fit within either proposal.

objection Dr. Collins was using as a reason to refuse production because the documents would be sent electronically or via U.S. Mail. Even so, undersigned counsel has offered to pick up the documents in Washington D.C., where Dr. Collins is believed to live and work.

## II.     THE LAW SUPPORTS PLAINTIFFS' REQUESTED RELIEF

Under Federal Rule of Civil Procedure 45(a)(1), any party may serve a subpoena commanding a nonparty "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."

Under Rule 45, a person commanded to produce documents may serve a written objection to the subpoena. See Fed. R. Civ. P. 45(c)(2)(B). After a written objection has been made, the party serving the subpoena may not have access to the requested documents absent a court order, but may at any time move for an order to compel document production. *Id*.; see also Fed. R. Civ. P. 37(a) (any party may upon "notice" request an order compelling discovery or disclosure).  Here, after asserting blanket objections, Dr. Collins stated in her discovery response that she would produce documents. Indeed, the Parties have actually agreed that Dr. Collins' will produce documents pursuant to 6 of the 7 requested categories.  The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

## III.    DR. COLLINS AND THE RELEVANT TIMELINE AND BACKGROUND

The below timeline explains why Plaintiffs' counsel has no option but to make this motion:

1) On November 17, 2016, Plaintiffs properly served their original subpoena on Dr. Collins. [2] *See*, **Exhibits 2 and 3**, *Original Subpoena* and *Affidavit of Process Server* dated November 21, 2016.  The original Subpoena, in compliance with

---

[2] The Subpoena was originally served in the *Hardeman v. Monsanto* case, prior to commencement of MDL 2741 discovery. *Hardeman v. Monsanto Company et. al.,* Case No. 3:16-cv-00525-VC.

      Federal Rule of Civil Procedure 45, commanded production of certain documents and other information no later than December 13, 2016.

2) On December 5, 2016, Dr. Collins (through her attorney Mr. Thurlow) served her Objections to the Original Subpoena, refusing production of all requested documents. *See*, **Exhibit 4.**

3) On January 31, 2017, following a meet and confer with counsel for Dr. Collins on the breadth of the subpoena, Plaintiffs served an amended request, narrowing the scope in accordance with the meet and confer. *See,* **Exhibit 5.**

4) On February 13, 2017, Dr. Collins served her objections to Plaintiffs' Amended Subpoena and agreed that she *"will produce"* documents for every category except for one. *See,* **Exhibit 1.**

5) On May 17, 2017, during a telephonic meet and confer in Plaintiffs continuing effort to obtain documents Dr. Collins stated she would produce, Mr. Thurlow refused the agreed upon production by claiming, in part, that Federal Rule of Civil Procedure 45 does not require production absent a Motion to Compel and that Plaintiffs have now waited too long to file the Motion to Compel because "[he] heard" that the "MDL discovery has now closed." Mr. Thurlow stated that Dr. Collins would not produce any documents unless Plaintiffs filed a Motion to Compel and that, once filed, Dr. Collins "may or may not" agree to produce the documents prior to a Court Order. Undersigned counsel sent Mr. Thurlow a courtesy copy of this Motion on May 18, 2017 and asked him to re-consider production.

Relevance of Dr. Collins to MDL 2741:

Dr. Collins, as head of the chemical industry group Crop Life America, played an instrumental role in shaping the composition of the Environmental Protection Agency's ("EPA")'s Scientific Advisory Panel's ("SAP") review of the chemical glyphosate. Dr. Collins played an active role in the selection, and perhaps more importantly, the exclusion of SAP panel members.

The Court has already held that EPA decisions are relevant to the general causation phase of this litigation necessitating the production of the documents that Plaintiffs seek, and that Dr.

Collins had previously agreed to produce. Decisions by EPA- convened SAP panels have already been cited and relied upon in this litigation, including by Plaintiffs' experts, and there is a high probability that Monsanto will rely upon the recent SAP panel recommendations on glyphosate at the *Daubert* stage of this case. Accordingly, Dr. Collins should be ordered to produce the documents she agreed to produce months ago.[3]

### IV.   CONCLUSION

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs respectfully request that the Court compel Dr. Collins' compliance with Plaintiffs' subpoena.

Dated: May 19, 2017                    Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller, Esq.
D.C. Bar No. 97689
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960
540-672-4224

*Co-Lead Plaintiffs' Counsel for MDL 2741*

---

[3] While Plaintiffs disagree with Dr. Collin's objections to Request No. 2 – the only request in the second subpoena to her to which she refused production– Plaintiffs have made a decision to reserve motion practice to compel these documents in this MDL proceeding until the second phase of the case. That decision was based, in part, on Dr. Collins' agreement to produce documents pursuant to the other six categories of documents.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, a true and correct copy of the foregoing document was sent to Dr. Collins via U.S. Mail at:

CropLife America
1156 15th Street NW
Washington D.C. 20005

Additionally, on May 19, 2017, Dr. Collins was also served through her attorney, via electronic mail, at:

Matthew D. Thurlow, matthew.thurlow@lw.com

DATED: May 19, 2017            */s/ Michael Miller*

Michael Miller, Esq.
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA  22960

*Co-Lead Plaintiffs' Counsel for MDL 2741*